WALLER, Chief Justice,
Specially Concurring:
¶ 58. I agree with the result reached by the majority. I am compelled to write because of what I believe to be a misplaced reliance on Smith v. Clement, 988 So.2d 285 (Miss.2008).
¶ 59. The majority relies heavily on Smith to support its finding that the trial court did not abuse its discretion in excluding Dr. Fuselier’s testimony regarding the efficacy of interventions to prolong Hill’s pregnancy. Citing Smith, the majority states that “when the reliability of an expert’s opinion is attacked with credible evidence that the opinion is not accepted within the scientific community, the proponent of the opinion under attack should provide at least a minimal defense supporting the reliability of the opinion.” I fully agree. But Smith does not provide support for this reasoning.
*336 ¶ 60. In Smith, the defendant’s expert challenged the plaintiffs expert’s opinion as not being supported by sound scientific principles. Smith, 983 So.2d at 287. But the defendant’s expert offered no scientific principles or other evidence to support this attack-it was merely one expert’s opinion versus another expert’s opinion. Id. at 290-92 (Waller, P.J., dissenting). There was no “credible evidence” attacking the plaintiffs expert’s opinion. Id.
¶ 61. Here, in contrast, Dr. Morrison offered credible evidence to attack Dr. Fuselier’s assertions that certain therapies could have prevented Hill’s spontaneous abortion. Dr. Morrison presented ample peer-reviewed literature to refute Dr. Fuselier’s opinion on this point. Dr. Fuse-lier failed to rebut this challenge with a minimal defense to support the reliability of his opinion.
¶ 62. Because of the factual differences between the two cases, I find nothing inconsistent with my dissent in Smith and my concurrence in this case. I find the majority’s reliance on Smith to be unfounded.